UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| KENNETH ADAM MARSHALL, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | CAUSE NO. 3:03-CV-460 RM |
| ) | |
| STAN KNIGHT, *et al.*, ) | |
| ) | |
| Defendants ) | |

OPINION AND ORDER

Kenneth Marshall filed this *pro se* action pursuant to 42 U.S.C. § 1983, naming Miami Correctional Facility correctional lieutenant McCoy as one of the defendants. The docket establishes that service of process on defendant McCoy was returned unexecuted on July 3, 2006. According to the process receipt and return form, the Marshals Service, the summons was "mailed to last known address" but was "returned: not deliverable as addressed unable to forward."

Service of process serves a dual purpose: it gives the court jurisdiction over the person of the defendant as well as notifying him of the lawsuit. See Millikan v. Meyer, 311 U.S. 457 (1940); F.D.I.C. v. Spartan Mining Co., 96 F.R.D. 677, 681 (S.D. W. Va. 1983), aff'd, 731 F.2d 1134 (4th Cir. 1984). Even actual notice of a lawsuit, without service, is insufficient to give the court the jurisdiction necessary to allow it to enter a judgment against a defendant. Bennett v. Circus U.S.A., 108 F.R.D. 142, 148 (N.D. Ind. 1985).

Fed. R. Civ. P. 4(m) mandates dismissal without prejudice if a defendant is not served with the summons and complaint within 120 days after the filing of the complaint

unless the plaintiff can show "good cause" why service was not made within that time. Tso v. Delaney, 969 F.2d 373, 375 (7th Cir. 1992); Geiger v. Allen, 850 F.2d 330, 331-332 (7th Cir. 1988). The U.S. Marshal's office is charged with effecting service of process for inmates confined in state penal institutions. "When the district court instructs the Marshal to serve papers on behalf of a prisoner, the prisoner need furnish no more that the information necessary to identify the defendant." Sellers v. United States, 902 F.2d 598, 602 (7th Cir. 1990). The Marshal's failure to accomplish the task is automatically "good cause" within the meaning of Rule 4(m). Id. at 602; Lewellen v. Morley, 909 F.2d 1073, 1077 (7th Cir. 1990).

The Marshals Service determined that Lt. McCoy was no longer employed at the Miami Correctional Facility, and obtained his last known home address. The process receipt and return form contains a notation stating that returned: not deliverable as addressed unable to forward."

The information provided by the plaintiff has proven to be insufficient to identify this defendant and serve him with process. The Marshals Service has now made a reasonable, but ultimately unsuccessful, effort to serving process on defendant McCoy, as required by Sellers v. United States, and Graham v. Satkoski, 51 F.3d 710 (7th Cir. 1995). Since more than 120 days have passed since the initial failure of service on defendant McCoy, he is subject to dismissal without prejudice pursuant to Fed. R. Civ. P. 4(m).

The court afforded Mr. Marshall to and including November 24 within which to show cause why defendant McCoy should not be dismissed from this case without prejudice pursuant to Fed. R. Civ. P. 4(m) Mr. Marshall has not responded.

For the foregoing reasons, the court DISMISSES defendant McCoy without prejudice pursuant to Fed. R. Civ. P. 4(m).

SO ORDERED.

ENTERED: November  28 , 2006

           /s/ Robert L. Miller, Jr.
Chief Judge
United States District Court