UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| KENNETH ADAM MARSHALL, | ) | |
| Plaintiff | ) ) ) | |
| vs. | ) ) | CAUSE NO. 3:03-CV-460 RM |
| STAN KNIGHT, *et al.*, | ) ) | |
| Defendants | ) ) | |

OPINION AND ORDER

The court granted the defendants' motion for summary judgment in part, finding that plaintiff Kenneth Marshall had no available grievance remedy as to his access to courts claim, but denied summary judgment on the defendants' argument that he did not exhaust an available grievance remedy on his retaliation claim. Mr. Marshall moves for relief from the order, asserting that the Indiana Department of Correction grievance policy prohibited inmates from grieving classification and disciplinary issues. He argues that the defendants retaliated against him in classification and disciplinary decisions, so he couldn't have presented his retaliation claim in a grievance.

Pursuant to 42 U.S.C. § 1997e(a), prisoners must utilize any available prison grievance procedure before they may file a § 1983 claim regarding conditions of confinement. Booth v. Churner, 532 U.S. 731 (2001); Perez v. Wisconsin Dept. of Corrections, 182 F.3d 532, 537 (7th Cir. 1999). Section 1997e "applies to 'all inmate suits, whether they involve general conditions or particular episodes, and whether they allege excessive force or some other wrong.'" Dixon v. Page, 291 F.3d 485, 488 (7th Cir. 2002), quoting Porter v. Nussle, 534 U.S. 516, 122 (2002). In support of their summary judgment motion, the defendants submitted the declaration of Grievance Specialist Amy Clark, who

stated that "(a) complaint that an offender was retaliated against because [he] had participated in constitutionally protected activity was an issue that could have been grieved." (Clark declaration at p. 3.)

Mr. Marshall asserts that the grievance procedure would not allow him to grieve classification or disciplinary decisions. But his complaint is that prison officials retaliated against him. Hd Mr. Marshall filed a grievance stating his retaliation claim and the facts upon which he relied to support that claim—and the defendants accepted it—he could grieve prison officials' actions even if the alleged retaliatory acts may have involved an adverse classification or disciplinary decision. If, on the other hand, grievance officials rejected Mr. Marshall's grievance because they believed he was contesting a classification or disciplinary decision, the court might well agree that he had no available remedy to present his retaliation claims.

Mr. Marshall didn't try to grieve his retaliation claims, which precludes him from bringing them in this action. "No one can know whether administrative requests will be futile; the only way to find out is to try." Perez v. Wisconsin Dept. of Corrections, 182 F.3d at 537.

For the foregoing reasons, the court DENIES the plaintiff's motion for relief from order (docket #116).

SO ORDERED.

ENTERED: December  14 , 2006

                                            /s/ Robert L. Miller, Jr.
                                            Chief Judge
                                            United States District Court