UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| KENNETH ADAM MARSHALL, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 3:03-CV-460 RM |
| | ) | |
| STAN KNIGHT, *et al.*, | ) | |
| | ) | |
| Defendants | ) | |

OPINION AND ORDER

Kenneth Marshall submitted a complaint under 42 U.S.C. § 1983, alleging violation of his federally protected rights by Miami Correctional Facility ("MCF") superintendent Stan Knight and MCF officials Robert Moore, Mrs. Reynolds, Chris Johnson, and Lieutenant McCoy. This case is before the court on the plaintiff's amended complaint, which asserts that the defendants denied him access to the courts and retaliated against him for exercising Constitutionally protected rights.

On November 17, 2006, the court granted the defendants' motion for summary judgment on the question of exhaustion of remedies in part and denied it in part. The court dismissed the retaliation claim but denied the defendants summary judgment on the question of whether they denied Mr. Marshall access to the law library. The defendants now move for summary judgment, pursuant to FED. R. CIV. P. 56, on the question of law library access; Mr. Marshall has responded. For the reasons that follow, the court grants the defendants' summary judgment motion.

>Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett,

> 477 U.S. 317, 322 (1986). Although the moving party must initially identify the basis for its contention that no genuine issue of material fact exists, the nonmoving party cannot rest on his pleadings, but must produce his own evidence. Hughes v. Joliet Correctional Ctr., 931 F.2d 425, 428 (7th Cir. 1991). Rule 56(e) requires that the nonmoving party who bears the burden of proof on an issue for trial allege specific facts showing that there is a genuine issue for trial by his own affidavits or by the depositions, answers to interrogatories, and admissions on file. Celotex Corp., 477 U.S. at 324.
> . . . In considering whether any genuine issues of material fact exist, we view the record and extract all reasonable inferences from the evidence in the light most favorable to the nonmoving party. However, the nonmoving party "must do more than simply show that there exists some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Only disputes that could affect the outcome of the suit under governing law will properly preclude the entry of summary judgment.

McGinn v. Burlington Northern R.R. Co., 102 F.3d 295, 298 (7th Cir. 1996).

In his amended complaint, Mr. Marshall alleged that the defendants denied him access to the law library when he was attempting to collaterally challenge his conviction in state court for ineffective assistance of counsel. He asserted a belief that had he been able to get to the law library he would have been able to obtain his release from prison. He specifically alleged that he arrived at the facility in February 2003, and got no access to the law library until after a hearing in state court on May 29, 2003.

"The fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers." Bounds v. Smith, 430 U.S. 817 (1977). Prisons generally meet this requirement by providing inmates with access to an institutional law library. To establish a violation of the right to access to the courts, an inmate must establish that prison officials failed to provide the assistance required by Bounds v. Smith, 430 U.S. 817 (1977), and show some actual harm caused by the challenged conduct of state officials Lewis v. Casey, 518 U.S. 343, 351 (1996);

2

Lehn v. Holmes, 364 F.3d 862, 868 (7th Cir. 2004). To show actual injury, an inmate must show that "that an actionable claim . . . which he desired to bring has been lost or rejected, or that the presentation of such a claim is currently being prevented, because this capability of filing suit has not been provided." Lewis v. Casey, 518 U.S. at 353. "A person claiming denial of access must prove that he suffered an actual injury by showing that unjustified acts or conditions hindered his ability to pursue a nonfrivolous legal claim. . . without a showing 'that the defendants prevented him from pursuing a nonfrivolous legal action,' a prisoner cannot prove a constitutional violation" Johnson v. Barczak, 338 F.3d 771, 772 (7th Cir. 2003), quoting Tarpley v. Allen County, Indiana, 312 F.3d 895, 899 (7th Cir. 2002).

In support of their summary judgment motion, the defendants submit the declaration of MCF Law Librarian Robert Moore, the MCF operational procedures for inmate access to the courts, count letters showing when MCF officials authorized Mr. Marshall to visit the law library, and a library sign-in sheet. According to the materials submitted by the defendants, they authorized Mr. Marshall to go to the law library at least three times in March, twelve times in April, and four times in May before his May 29, 2003 court date.

Mr. Marshall filed a memorandum opposing the defendants' summary judgment motion, but he did not submit a sworn statement or documentary evidence. The defendants' reply pointed out that Mr. Marshall had provided no evidence to controvert the material facts they set forth and had not submitted any admissible evidence suggesting that he was denied access to the law library or that he suffered any actual harm because of lack of access to the law library. Mr. Marshall filed a response to the defendants' reply that contains arguments but no sworn statements contesting the defendants' submissions.

The defendants move to strike Mr. Marshall's response to their reply, arguing that the rules do not contemplate the filing of a second response and that to allow it would put them in the unfair position of choosing to rest upon their first reply or replying a second time to address any new arguments Mr. Marshall made. The court will deny the motion to strike. Mr. Marshall made arguments in his second response, but he submitted no admissible evidence in the form of sworn statements or documentary evidence supporting those arguments. Although the rules do not contemplate a second response, Mr. Marshall's second response does not disadvantage the defendants.

The defendants have provided evidence that they provided Mr. Marshall regular access to the MCF law library during the months before his state court hearing on May 29, 2003. They also assert that Mr. Marshall can not prove some quantum of detriment as required by Lewis v. Casey and Lehn v. Holmes.

Because the defendants met their initial obligation under Fed. R. Civ. P. 56, the burden fell upon Mr. Marshall to come forth with evidence sufficient, if viewed as fully in his favor as reasonable, would allow a factfinder to decide in his favor the questions of whether the defendants denied him access to the courts by denying him access to the MCF law library and whether he suffered an actual harm from lack of access to the law library. When a non-moving party does not make such a showing, "[t]he moving party is 'entitled to a judgment as a matter of law' because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." Lujan v. Nat'l Wildlife Fed'n., 497 U.S. 871, 884 (1990), citing Celotex Corp. v. Catrett, 477 U.S. at 323. Because Mr. Marshall has not submitted admissible evidence contesting the defendants' request for summary judgment, he has not met his

4

burden of coming forth with evidence sufficient which, if viewed reasonably in his favor, would allow a factfinder to decide in his favor the question of whether the defendants denied him access to the courts and the question of whether he suffered any actual harm from their denial of access to the law library.

For the foregoing reasons, the court DENIES the defendants' motion to strike (docket #161), GRANTS the defendants' motion for summary judgment (docket #149), and DIRECTS the clerk to enter judgment in favor of the defendants and against the plaintiff.

SO ORDERED.

ENTERED: July  20 , 2007

>    /s/ Robert L. Miller, Jr.
> Chief Judge
> United States District Court